GUGGENHEIM v. REINHARDT.

(Supreme Court, Appellate Term.   June 24, 1910.)

EVIDENCE (§ 179*)—SECONDARY EVIDENCE.

Code Civ. Proc. § 867, providing that one need produce a book of account only on order or subpœna duces tecum, provides a method to produce books when a litigant is unwilling to rely on secondary evidence, and does not modify the rule that noncompliance with notice to produce books or documents permits secondary evidence of their contents.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 596; Dec. Dig. § 179.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Manko Guggenheim against Adam Reinhardt.   From a judgment for defendant, plaintiff appeals.   Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Frederick Hemley, for appellant.

Crane & Baer, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J. The plaintiff appellant was an employé of a firm of which the defendant is a surviving partner, and the action is brought to recover a balance of salary alleged to have become due to plaintiff, but withheld by the employers under an agreement by which a part of plaintiff's salary was to be paid weekly and the balance paid in a lump sum at the end of each year. Plaintiff served upon defendant a notice to produce the books of the firm for the purpose of showing entries in corroboration of plaintiff's evidence as to the terms of the hiring and the methods of payment. Defendant refused or failed to produce the books. Plaintiff then sought to introduce secondary evidence of their contents, and under objection this evidence was excluded; the court holding that section 867 of the Code required the plaintiff to serve a subpœna duces tecum, or an order of the court directing the production of the books, and plaintiff, having failed to do so, was not entitled to introduce secondary evidence of their contents.

The learned justice has evidently misconstrued the purpose of this section of the Code, which is to afford a method by which the actual production of books or documents in court may be obtained where a litigant is not willing to rely upon secondary evidence. The section was not intended to modify the rule of evidence that, where notice to produce books or documents has been duly served, failure to comply with such notice renders secondary evidence of their contents admissible, if relevant or material to the issues involved. It was error, therefore, to exclude secondary evidence of the contents of the books, and such error was prejudicial to the defendant.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.